**Janet NOLAN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 2002.

Decided April 18, 2002.

Reconsideration Denied June 4, 2002.

nent accommodations such as light-duty work. Employer does not offer light-duty work on a permanent basis. Claimant's last day of work was November 27, 2000.

On December 15, 2000, Claimant received a certified letter from Employer's Agency Leave Coordinator concerning her permanent knee condition. Specifically, Employer's letter notified Claimant that

> [w]e are in receipt of the medical information completed by your physician, Dr. Purighalla on December 7, 2000 which indicates that your medical condition is permanent. Based on this information, you have only one option available to you. You must retire from your position with the Board.

* * *

> Your failure to return the properly completed form PLCB-771 to our office by December 29, 2000 will subject you to removal action by the Board . . .

Claimant was also informed

> [s]hould you wish to pursue other Commonwealth employment in a position, that would not be affected by your medical condition, the State Civil Service Commission will assist you in your quest. The Commission will evaluate your qualifications and determine which classifications you may qualify for and which examination programs are open for application. In order to request this assistance, you must complete the enclosed Civil Service Application completely with as much information as possible about your present and previous employment and training history. Return this application with a note requesting evaluation to Julie D'Angelo, Supervisor, Recruitment and Placement Section, Room 406, Northwest Office Building . . .

Margaret J. Fried, Pittsburgh, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

Janet Nolan (Claimant) seeks review of the order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision and denied benefits. We affirm.

Claimant was employed by the Pennsylvania Liquor Control Board (Employer or PLCB) as a Clerk I since October 15, 1994. In November, 2000, while unloading cases of liquor, Claimant aggravated a pre-existing knee condition. Subsequently, Employer received a report from Claimant's doctor indicating that her knee condition would prevent her from doing the work she had been performing. The report also indicated that she would require perma-

Pursuant to the letter, Claimant did retire from her position, However, Claimant chose not to submit the civil service application nor to contact the Commission supervisor. She testified at a subsequent hearing that she failed to submit the civil service application because she "figured it was no possibility of getting a job" and "thought it would be insufficient time [to submit an application]." (N.T. 15.) Further, Claimant explained that "[o]nce I'm retired I could actually lose some or all [seniority] *by going back to work* . . . It no longer made sense." (N.T. at 16.) (Emphasis added.)

Claimant then applied for benefits, and was required to complete numerous questionnaires. On one such questionnaire, Claimant noted that she *quit* her job for health reasons.[1] She also responded in the *negative* when asked if Employer told her she would be discharged if she did not resign.[2] On April 5, 2001, the Office of Employment Security (OES) notified Claimant that she was eligible for unemployment benefits on the basis that there were no positions that could accommodate the limitations caused by her medical condition.

Employer then appealed the decision granting Claimant benefits. A hearing was held on June 3, 2001, where the referee determined, *inter alia*, that Claimant was ineligible for benefits under the provisions of Section 402(b) of the Unemployment Compensation Law,[3] because she vol-

untarily terminated her employment. Claimant appealed to the Board, which made its own factual findings and affirmed the decision of the referee. Claimant appeals the Board's decision to this court.

■ Claimant contends that she did not voluntarily terminate her employment; rather, she was forced to retire or face removal from the PLCB.[4] Whether Claimant's separation from employment constitutes a voluntary resignation or a discharge is a question of law subject to appellate review. *Livingston v. Unemployment Compensation Board of Review*, 702 A.2d 20 (Pa.Cmwlth.1997).

■ An employee who resigns, leaves, or quits employment without action by the employer has voluntarily terminated his employment. *Fishel v. Unemployment Compensation Board of Review*, 674 A.2d 770 (Pa.Cmwlth.1996). Conversely, it is well-settled that an employer's use of language will be interpreted as a discharge when it possesses the immediacy and finality of a firing, *id.* at 772, even if specific words such as "fired" or "discharged" are not used. *Wise v. Unemployment Compensation Board of Review*, 700 A.2d 1071 (Pa.Cmwlth.1997).

■ Although Claimant now asserts that she was forced to retire, the record simply does not support her contention. In fact, Claimant's own words belie that conclusion. In her application for benefits,

---

1. Questionnaire 30, Form no. UC 1930C, dated March 14, 2001, nos. 5 and 6.

2. Questionnaire 30, no. 7.

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S ± 802(b).

4. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or facts are not supported by substantial evidence. *Wivell*

*v. Unemployment Compensation Board of Review*, 673 A.2d 439 (Pa.Cmwlth.1996). In unemployment compensation cases, the findings of fact made by the Board are conclusive on appeal provided the record contains substantial evidence to support those findings. *Estate of McGovern v. State Employees Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

Claimant noted that she *quit* her job and did so for health reasons. Claimant further indicated her quit was voluntary when she noted that Employer did not ·tell her she would be discharged if she did not resign.

▇▇▇ When a claimant voluntarily terminates employment, that claimant is ineligible for unemployment compensation benefits unless he or she left the employment for necessitous and compelling reasons. Section 402(b) of the Unemployment Compensation Law, 43 P.S. § 802(b); *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 654 A.2d 280 (Pa.Cmwlth.1995). The determination whether a voluntary termination was of a necessitous and compelling nature is a legal conclusion subject to plenary review. *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 58 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 739, 690 A.2d 238 (1997). A claimant bears the burden of proving necessitous and compelling reasons for leaving her job. *Wivell v. Unemployment Compensation Board of Review*, .673 A.2d 439 (Pa.Cmwlth.1996). In cases where employment is terminated for medical reasons, the claimant may meet his or her burden by showing adequate health reasons existed to justify the voluntary termination, communicating such reasons to her employer, and being available to work if reasonable accommodations can be made. *Genetin v. Unemployment*

*Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982).[5]

▇▇▇ Claimant asserts that, if found she voluntarily terminated her employment, she acted for necessitous and compelling reasons entitling her to unemployment benefits. The record supports her contention that she has a legitimate health condition of which she informed the employer. However, Claimant chose to ignore a reasonable accommodation offered by Employer despite her indications that she was able and available for work.[6]

▇▇▇ Further, Claimant contends that compliance with Employer's recommendations would have been futile. However, Claimant's assumptions that there were no jobs available and that it was too late to apply were entirely speculative in nature. By electing not to complete the civil service application, Claimant foreclosed the possibility that she could remain employed by the Commonwealth, thus failing to take all reasonable and necessary steps to preserve her employment.[7] Further, the fact that a job is not guaranteed does not amount to cause of a necessitous and compelling nature to justify a quit. *PECO Energy Company*.

▇▇▇ Thus, where the claimant has failed to take all necessary and reasonable steps to preserve the employment relationship, he or she has failed to meet the burden of demonstrating necessitous and compelling cause, *PECO Energy Company*, and a claim for unemployment

5. The burden then shifts to the employer who must show he offered suitable work to the claimant consistent with her medical limitations. *Beattie v. Unemployment Compensation Board of Review*, 92 Pa.Cmwlth. 324, 500 A.2d 496 (1985).

6. *See* Claimant Questionnaire 10, Form no. UC 1910 (question nos. 1 and 2 concerning being able and available for work both answered affirmatively), and Claimant Questionnaire 30, Form no. UC–1930C (question nos.

13 and 14 concerning being able and available for work both answered affirmatively).

7. Ninety-nine percent of the positions with Employer are filled through civil service certification, as are most of the certified merit positions with the State. In order to properly review Claimant's work history, the Commission needed her completed application to certify her qualifications for potential positions. (N.T. at 9–10.)

compensation benefits upon voluntary termination of that employment must be rejected. *Wivell*, 673 A.2d at 442 (*quoting Quinn, Gent, Buseck and Leemhuis, Inc. v. Unemployment Compensation Board of Review*, 147 Pa.Cmwlth. 141, 606 A.2d 1300, 1303 (1992)).

Finally, Claimant contends that there is insufficient evidence to support the Board's finding of fact number six.[8] We agree that Claimant was not given a telephone number for the contact person within the Employer's bureau and, therefore, vacate that portion of the finding. However, the vacated portion of the finding is not necessary to support the Board's conclusion.

Accordingly, we affirm.

### ORDER

**NOW,** April 18, 2002, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

8. Finding of Fact number 6 reads as follows: "The claimant was given the name and address as well as the telephone number of the person in the employer's bureau with whom she could discuss any questions she might have." (Decision and Order of the Board, August 7, 2001, at 2.)