**PENNSYLVANIA LIQUOR CONTROL BOARD, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 22, 2005.

Decided July 19, 2005.

David B. Schlechter, Harrisburg, for petitioner.

Paul R. Jordan, Harrisburg, for respondent.

---

BEFORE: COLINS, President Judge, FRIEDMAN, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Pennsylvania Liquor Control Board (Employer) petitions for review of the December 16, 2004, order of the Unemployment Compensation Board of Review (UCBR), which affirmed the referees decision to award Richard Brown (Claimant) unemployment compensation benefits. We affirm.

Claimant is a dialysis patient and was employed by Employer as an Intermittent Liquor Store Clerk, with his last day of work being May 27, 2004. (UCBR's Findings of Fact, Nos. 1, 2.) On that date, Claimant became too ill to do any lifting, and Claimant's physician informed Employer that Claimant could not lift. (UCBR's Findings of Fact, Nos. 2, 3.) Employer did not have any positions available within Claimant's medical restrictions. (UCBR's Findings of Fact, No. 4.) As a result, Employer sent Claimant a letter, dated June 18, 2004, which stated, in pertinent part:

> Our records indicate that you have been off duty due to illness and that you have exhausted your earned sick leave the beginning of business June 16, 2004. We are in receipt of your Medical Status Report dated June 9, 2004, which indicates that your medical condition is permanent. Therefore, *you have only one option available to you.*
>
> > You must *resign your position* with the [Employer] *effective June 15, 2004* by completing section 1 of the

attached form **PLCB–771.**[1] Please ensure that this form also includes your signature and the date completed. Should you wish to be *reemployed* at some point in the future, you must contact the State Civil Service Commission at that time for instructions on how your name can be restored to the Civil Service employment list.

> Should you wish to pursue *other* Commonwealth employment in a position that would not be affected by your medical condition, the State Civil Service Commission will assist you in your quest. In order to request this assistance, you must complete the enclosed Civil Service Application.

(R.R. at 16a) (bold in original; italics added). Claimant completed form PLCB–771 on July 11, 2004, and terminated his position as of June 15, 2004, due to his medical condition. (UCBR's Findings of Fact, No. 9.) Claimant did not complete the enclosed Civil Service Application (Application). (UCBR's Findings of Fact, No. 10.)

After his separation from employment, Claimant filed for unemployment compensation benefits with the local job center, which granted Claimant benefits. Employer appealed to a referee, who held a hearing at which Claimant and an Employer representative testified. The referee determined that Claimant was eligible for benefits under sections 402(b) (regarding necessitous and compelling cause for voluntarily terminating employment) and 401(d)(1) (regarding being able and available for work) of the Unemployment Compensation Law (Law).[2]

---

1. Section 1 of the form is entitled "Separation Request." The date June 15, 2004, was typed in, and there was a handwritten check mark under the reason "Illness." Section 2 of the form is entitled "Leave Without Pay Request." (R.R. at 15a.)

2. Act of December 5, 1936, Second Ex.Sess. P.L. (1937), *as amended*, 43 P.S. §§ 802(b) and 801(d)(1).

Employer appealed to the UCBR, which affirmed the referees decision. In doing so, the UCBR concluded that Claimant had necessitous and compelling cause for terminating his employment because Employer did not offer Claimant a reasonable accommodation for his medical condition. (UCBR's op. at 2.) Specifically, the Board concluded that Employer's act of providing Claimant with the Application *after* the effective date of his separation did not constitute a reasonable accommodation. Accordingly, the UCBR found that Claimant was not ineligible for benefits under section 402(b) of the Law. (UCBR's op. at 3.) Additionally, the UCBR found that Claimant is able and available for part-time work, three days per week, within his lifting restrictions, and, accordingly, Claimant was eligible for benefits under section 401(d)(1) of the Law. (UCBR's Findings of Fact, No. 11; UCBR's op. at 3.)

■ Employer now petitions this court for review of the UCBR's order,[3] arguing that the UCBR erred, abused its discretion and failed to base its decision on substantial evidence because Claimant failed to make himself available for other work and took no steps to continue his employment.[4]

■ Where, as here, a voluntary termination is involved, the claimant will be ineligible for unemployment compensation benefits unless he or she can establish necessitous and compelling reasons for terminating the employment. Section 402(b) of the Law, 43 P.S. 802(b); *Nolan v. Unemployment Compensation Board of Review,* 797 A.2d 1042 (Pa.Cmwlth.2002). In cases where employment is terminated for medical reasons, the claimant may meet his or her burden by showing: (1) adequate health reasons existed to justify the voluntary termination; (2) claimant communicated such reasons to the employer; and (3) claimant is available to work if reasonable accommodations can be made. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982); *Nolan.* "Employer agrees that Claimant had adequate health reasons to justify his voluntary termination and that Employer was made aware of those health reasons." (Employer's brief at 10.) Accordingly, only the third element is at issue here.

In this regard, Employer argues that Claimant did not make himself available for work because he failed to fill out and return the Application Employer sent to him. Employer maintains that, by failing to complete the Application, Claimant ignored a reasonable accommodation offered by Employer and prevented himself from remaining employed with the Commonwealth. Employer maintains that this case is virtually identical to, and controlled by, *Nolan,* wherein this court denied benefits to a claimant who did not complete a civil

---

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Whether Claimant had cause of a necessitous and compelling nature is a legal conclusion subject to plenary review by this court. *Nolan v. Unemployment Compensation Board of Review,* 797 A.2d 1042 (Pa.Cmwlth.2002).

4. We note that Employer has not challenged any specific findings of fact. Accordingly, the UCBR's findings of fact are conclusive on appeal. *Gibson v. Unemployment Compensation Board of Review,* 760 A.2d 492 (Pa. Cmwlth.2000). Additionally, we agree with the UCBR that, because Employer's petition for review failed to raise any issue under section 401(d)(1) of the Law, Employer has waived the right to challenge the UCBR's order regarding Claimant's eligibility under that section of the Law. Pa. R.A.P. 1513(d).

service application. In *Nolan,* we reasoned that, by failing to complete the civil service application, the claimant did not take all reasonable and necessary steps to preserve her employment.

The UCBR, on the other hand, argues that *Nolan* is distinguishable because, importantly, in *Nolan,* the claimant still was employed at the time she received the civil service application, and she "failed to take all reasonable and necessary steps to *preserve* the employment relationship."[5] *Id.* at 1046 (emphasis added). The UCBR argues that, unlike the situation in *Nolan,* where the claimant refused an invitation to explore the possibility of *continuing* employment, when Claimant here received the Application, he no longer had an employment relationship to *preserve.*[6]

We agree with the UCBR that *Nolan* is distinguishable on this basis. Indeed, Employer's June 18, 2004, letter clearly establishes that Employer already considered the relationship to be severed as of June 15, 2004, because the letter states, "[s]hould [Claimant] wish to be *reemployed* at some point *in the future.*" (R.R. at 16a.) As the UCBR concluded, Employer's act of providing Claimant with the Application *after* the effective date of his separation foreclosed the possibility that Claimant could *remain* employed with Employer. Consequently, Employer's act does not constitute a reasonable accommodation, and Claimant is not ineligible for benefits under section 402(b) of the Law.

Accordingly, we affirm.

*ORDER*

AND NOW, this 19th day of July, 2005, the order of the Unemployment Compensation Board of Review, dated December 16, 2004, is hereby affirmed.

---

5. The claimant in *Nolan* testified that she did not complete the civil service application because she thought there were no jobs available, she thought it was too late to apply and she could lose some seniority by going back to work. We reasoned that the claimant's beliefs were mere speculation on Claimant's part and foreclosed the possibility that she could *"remain"* employed by the Commonwealth. *Nolan,* 797 A.2d at 1046.

6. Indeed, the UCBR maintains that, in its June 18, 2004, letter to Claimant, Employer preordained Claimant's separation date to be June 15, 2004, and actively discouraged Claimant from submitting a request for leave without pay, in which case the employment relationship would have continued to exist as it did in *Nolan.*