IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan D. King,                                    :
                              Petitioner          :
                                                  :
              v.                                  :  No. 676 C.D. 2017
                                                  :  Submitted:  October 27, 2017
Unemployment Compensation Board  :
of Review,                                        :
                              Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: November 22, 2017


              Susan D. King (Claimant) petitions *pro se* for review from the order

of the Unemployment Compensation Board of Review (Board) finding her

ineligible for unemployment compensation (UC) benefits under Section 402(b) of

the Unemployment Compensation Law (Law)[1] because she voluntarily quit her

employment without a necessitous and compelling reason to do so.  For the reasons

that follow, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b).  Section 402(b) provides, in pertinent part, that "[a]n employe shall be ineligible for
compensation for any week . . . (b) [i]n which his unemployment is due to voluntarily leaving
work without cause of a necessitous and compelling nature. . . ."  *Id.*

## I.

Claimant worked for Warren General Hospital (Employer) as a full-time accounts payable specialist from October 1, 2005, until January 11, 2017.  On December 21, 2016, Claimant submitted a letter of resignation to Julie Jacobs (Jacobs), Employer's Chief Financial Officer, stating that she was leaving due to stress.

Claimant then applied for UC benefits indicating that she left her employment for health reasons.  Claimant stated that over the past year, she experienced an increase in workload and demands for shorter deadlines with no additional compensation, which caused her anxiety.  She further explained:

> I FEEL MY RECENT SUPERVISOR HAS UNREALISTIC EXPECTATIONS AND HAS BEEN RIDING ME FOR MONTHS, CONSTANTLY PICKING AT LITTLE THINGS AND HAS MADE IT TEN TIMES HARDER FOR ME TO DO MY JOB EFFICIENTLY.  MY RECENT EVALUATION WAS SO LOW, I WAS PLACED ON PROBATION AND GIVEN 60 DAYS TO MEET A DOZEN DEFICIENCIES, IN HER OPINION, OR IMMEDIATE TERMINATION WOULD RESULT.  I ENDED UP AT MY DOCTOR SUFFERING FROM RAPID HEART RATE, SLEEPLESSNESS, LOSS OF APPETITE, BOUTS OF UNCONTROLLABLE CRYING, BORDERING ON DEPRESSION.  I HAVE BEEN PUT ON MEDICATION JUST TO GET THROUGH THE DAY.  I HAD NO OTHER CHOICE BUT TO RESIGN FROM A JOB THAT I HAVE LOVED AND PERFORMED EFFICIENTLY FOR OVER TEN YEARS DUE TO THE HOSTILE, STRESSFUL ENVIRONMENT CREATED BY A SUPERVISOR THAT JUST CAME TO MY EMPLOYER THIS PAST YEAR.

(Record (R.) Item No. 2, Internet Initial Claims dated 1/13/17, p. 4.) Claimant indicated that she spoke to Jacobs in December about the issues she was having with her supervisor and she applied for a different job, but she never requested a leave of absence. The UC Service Center determined Claimant was ineligible for benefits because she did not exhaust all available alternatives prior to quitting. Claimant then appealed.

Before the Referee, Claimant testified that in November 2016, she bid on a human resources (HR) assistant position outside of her department due to how her immediate supervisor, Julie Dalton (Dalton), Employer's Fiscal Manager, was treating her.[2] Several days later, Claimant was called into a meeting with Dalton and Matthew Franklin, from HR, and was given her performance evaluation. Claimant testified that she received an overall score of unsatisfactory, was placed on performance probation and was given 60 days to improve 17 or 18 deficiencies identified by Dalton.

Claimant testified that she was devastated by her evaluation, which was the lowest she ever received in the 10 years she worked for Employer. She stated that that she could not eat or sleep, was out of control, and was a "mess." On December 2, 2016, she went to see her doctor who put her on an antidepressant for stress, anxiety and depression but he did not place any restrictions on her

---

[2] Claimant testified that she later learned that Employer was not going to fill the HR assistant position right away.

employment. On December 21, 2016, Claimant submitted her letter of resignation stating that she was leaving due to stress.

Eric Bens, Employer's Director of Employee Benefits, testified that Employer was not notified of any work restrictions regarding Claimant and she did not submit a request for accommodation prior to quitting.

The Referee found Claimant ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b), because she did not establish a necessitous and compelling reason for leaving her employment. The Referee determined that Claimant did not act with ordinary common sense and did not make a good faith effort to preserve her employment. The Referee noted that while Claimant had issues with her supervisor and was upset about her evaluation, her doctor did not advise her to quit; she did not discuss any other issues or concerns with Employer before turning in her notice; she did not request a leave of absence; and she did not provide Employer with any restrictions to her employment or request an accommodation.

Claimant appealed to the Board which affirmed the decision of the Referee that Claimant was ineligible for benefits under Section 402(b) of the Law. In doing so, it found that there was not credible medical evidence that Claimant's mental health condition was so severe that it left her no reasonable alternative but to quit her position. The Board also did not find credible Claimant's testimony that

she was subjected to a hostile work environment. Claimant then filed this petition for review.[3]

## II.

Claimant first argues[4] that circumstances existed which produced real and substantial pressure on her to quit because she was being harassed by her supervisor for a year prior to her resignation. She further argues that a reasonable person would have reacted in the same manner after being subjected to constant ridicule of her job performance and knowledge.

A claimant who voluntarily quits bears the burden of proving, in order to be eligible for benefits under Section 402(b), that she left her employment for necessitous and compelling reasons. *Fitzgerald v. Unemployment Compensation Board of Review,* 714 A.2d 1126 (Pa. Cmwlth. 1998), *appeal denied,* 794 A.2d 364 (Pa. 1999). To show cause of a necessitous and compelling nature, a claimant must demonstrate that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with

---

[3] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

[4] Claimant has not challenged any of the Board's specific findings of fact and, therefore, they are conclusive on appeal. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 879 A.2d 388, 390 n.4 (Pa. Cmwlth. 2005) (citation omitted).

ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Brunswick Hotel and Conference Center v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (citing *Fitzgerald*, 714 A.2d at 1129). Whether a claimant has a necessitous and compelling reason to voluntarily quit her employment is a question of law subject to this Court's plenary review. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 228 (Pa. Cmwlth. 2012).

The only evidence relating to alleged harassment by Dalton is Claimant's own testimony, which the Board did not find credible.[5] Moreover, mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for voluntarily quitting. *See McKeown v. Unemployment Compensation Board of Review*, 442 A.2d 1257, 1258 (Pa. Cmwlth. 1982). While Claimant may have been upset with her evaluation and being placed on probation, this alone does not amount to a necessitous and compelling cause absent evidence of unjust accusations, abusive conduct or an intolerable working atmosphere, of which there is none. *See First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 816 (Pa. Cmwlth. 2008) (citing *Lynn v. Unemployment Compensation Board of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981)).

---

[5] The Board is the ultimate fact-finder in UC cases, and questions regarding the weight of evidence and witness credibility are solely within its province. *Whitlatch v. Unemployment Compensation Board of Review*, 61 A.3d at 399, n.2 (citing *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). As such, we will not disturb the Board's credibility findings on appeal.

In her brief on appeal, Claimant alludes to additional evidence in the form of emails which she claims support her allegation that she was subject to a hostile work environment. These documents are not part of the record and, despite Claimant's assertions to the contrary, she did not attempt to introduce them as evidence before the Referee. Based upon our review of the record and the Board's credibility determinations, Claimant failed to show an intolerable work environment or circumstances extreme enough to justify a resignation. *See Ann Kearney Astolfi DMD PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289-90 (Pa. Cmwlth. 2010).

Claimant also argues that she made a reasonable effort to preserve her employment by bidding on the HR assistant position and through her willingness to transfer to another department. She claims that when she was not given a transfer, she saw "no end in sight" to the situation, especially in light of her health issues. (Claimant's Brief at 10.) However, Claimant admits that her doctor did not advise her to quit or place restrictions on her working conditions, and she did not ask Employer for or require any specific accommodations. Claimant also failed to inform HR of her issues with Dalton prior to turning in her letter of resignation, and she admittedly did not request a leave of absence prior to terminating her employment. Therefore, Claimant's argument that she made a reasonable effort to preserve her employment is without merit.

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan D. King,                          :
                    Petitioner          :
                                        :
          v.                            :  No. 676 C.D. 2017
                                        :
Unemployment Compensation Board         :
of Review,                              :
                    Respondent          :

# **O R D E R**

AND NOW, this 22<u>nd</u> day of <u>November</u>, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter dated April 21, 2017, at No. B-597014, is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge