# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jakia M. Sweeney,                                :
                                                 :
                              Petitioner         :
                                                 :
                    v.                           :  No. 564 C.D. 2018
                                                 :  Submitted:  October 12, 2018
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                              Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E.  COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED:  June 19, 2019


        Jakia M. Sweeney (Claimant) petitions *pro se* for review of the
February 2, 2018 order of the Unemployment Compensation Board of Review
(Board) that affirmed a referee's determination and held that Claimant was
ineligible for benefits under Section 402(b) of the Unemployment Compensation
Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(b).  Section 402(b) provides that an employee shall be ineligible for compensation for any
week in which her unemployment is due to voluntarily leaving work without cause of a
necessitous and compelling nature.

Claimant was employed full-time as a universal banker for Satander Bank (Employer) from October 11, 2006 until September 16, 2017. Board's Finding of Fact (F.F.) No. 1. On September 26, 2017, Employer mailed Claimant a letter stating that she had voluntarily terminated her employment due to job abandonment. F.F. No. 2.

Claimant applied for unemployment compensation benefits, asserting that Employer discharged her for absenteeism. In response, Employer reported that Claimant had abandoned her job and was considered to have voluntarily resigned. The local service center resolved the conflict in Employer's favor and found that Claimant had voluntarily terminated her employment after failing to maintain contact with Employer regarding her absence from work. Accordingly, the local service center determined that Claimant was ineligible for benefits under Section 402(b) of the Law.

Claimant appealed. A notice of hearing was mailed to the parties on October 25, 2017, providing the time, the location, and the instruction to arrive 15 minutes prior to the hearing's start time of 10:15 a.m. on November 8, 2017. Certified Record (C.R.) Item No. 8, Notice of Hearing.

Employer notified the referee that it would not be attending the hearing and would rely on the documentation submitted. Notes of Testimony (N.T.), November 8, 2017, at 1. The hearing started at 10:28 a.m. *Id*. The referee noted that just before the hearing began, Claimant contacted her office to request a 15-minute delay because she mistakenly thought the hearing would start at 11:15 a.m. *Id*. The referee denied Claimant's request to delay the hearing, stating that she had another hearing scheduled.[2] *Id*.

---

[2] Section 101.51 of the Board's regulations states:
**(Footnote continued on next page…)**

In her November 16, 2017 decision, the referee found that Claimant last notified Employer of her absence from work on September 20, 2017, although she continued to remain absent from work in the days thereafter. The referee also found that Claimant failed to establish a necessitous and compelling reason to terminate her employment. Accordingly, the referee affirmed the local service center's determination that Claimant was ineligible for benefits under Section 402(b) of the Law.

Claimant appealed to the Board. In doing so, Claimant stated that she was unable to attend the initial hearing, but she did not explain why she was unable to attend or ask to have the case reopened.[3] Claimant alleged that she did not abandon her job but was wrongfully terminated after she notified her supervisor that she was experiencing a family emergency and requested paid time off (PTO) in a timely fashion.

In its February 2, 2018 decision, the Board stated that the burden rested upon Claimant to show the precise nature of her employment separation. Noting that Claimant failed to appear at the referee's hearing, the Board concluded

---

**(continued…)**

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in [her] absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

34 Pa. Code §101.51.

[3] Under Section 101.24 of the Board's regulations, a party who did not attend the scheduled hearing and has lost the opportunity to present its case on the merits may have the case reopened if the party's explanation for nonappearance rises to the level of proper cause. 34 Pa. Code §101.24.

3

that she failed to establish that she was involuntarily terminated and had not satisfied her burden of proving necessitous and compelling cause under Section 402(b) of the Law.

Claimant submitted a request for reconsideration in which she again stated that she was unable to attend the hearing but did not provide a reason for her nonappearance. Claimant also contended that she did not quit her job, and she attached documents that she asserted would prove that she was terminated by Employer. The Board denied Claimant's request for reconsideration on March 2, 2018. Claimant now appeals to this Court.[4]

Initially we note that Claimant does not challenge the Board's denial of her request for reconsideration. Consequently, this issue is waived on appeal.[5]

---

[4] Because Claimant filed the instant *pro se* petition for review within 30 days of the Board's decision denying benefits, we may address her claims on the merits. Pa. R.A.P. 1512. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

[5] Claimant does not raise this issue in either the statement of questions presented or argument section of her brief. Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.) states that issues not raised in the statement of questions involved will not be considered on appeal. Pa. R.A.P. 2116(a). Rule 2119 requires the arguments presented by parties to be developed with analysis of pertinent authority and supported by discussion. Pa. R.A.P. 2119. By failing to comply with Rules 2116(a) and 2119, Claimant has waived this issue on appeal.

Moreover, even if Claimant had not waived this issue, it would still be meritless. Absent an abuse of discretion, this Court will not reverse a decision denying a request for remand. *Fisher v. Unemployment Compensation Board of Review*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997). A request to reopen must be in writing, mailed to the appropriate address, and state the reasons believed to constitute proper cause for nonappearance. 34 Pa. Code §101.24. As previously noted, Claimant offered no reason as to why she did not attend the hearing. In **(Footnote continued on next page…)**

It is axiomatic that a claimant bears the burden of proving that her separation from employment was a discharge. *Kassab Archbold & O'Brien v. Unemployment Compensation Board of Review*, 703 A.2d 719, 721 (Pa. Cmwlth. 1997). The question of whether a separation from employment is a voluntary resignation or a discharge is a question of law subject to appellate review. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1045 (Pa. Cmwlth. 2002). Further, a claimant who voluntarily terminates her employment is ineligible for unemployment compensation benefits under Section 402(b) of the Law unless she proves that she left her employment for necessitous and compelling reasons.

In her brief, Claimant argues that she was wrongfully discharged, and, alternatively, she asserts that she satisfied her burden of proving necessitous and compelling cause for leaving her employment under Section 402(b) of the Law.[6] Claimant contends that she followed the appropriate procedure in a timely manner to utilize her PTO in September 2017. Specifically, Claimant maintains that her family emergency occurred on September 16, 2017; she notified Employer on September 17, 2017; she requested PTO on her next scheduled work date, September 20, 2017; and her branch manager approved her PTO request that same

**(continued…)**

*McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986), our Supreme Court held that an employer's appeal letter did not constitute a request to reopen because the employer did not provide any reason for his nonappearance at the hearing and the Board could not determine whether his absence at the hearing constituted proper cause.

[6] Claimant also argues that the Board erred in concluding that she was ineligible under Section 402(b) of the Law because her daughter was assaulted at gun point on September 16, 2017. Because Claimant offered no evidence at the hearing, the Board made no findings concerning the reason for Claimant's absence from work.

day.  Claimant states that her branch manager informed her to return to work on October 2, 2017, and referred her to an insurance entity in order to request more time off.  Claimant argues she reasonably understood that she was not required to call in each day that she was on leave.

However, the statements in Claimant's appellate brief are not evidence.  *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 47 (Pa. Cmwlth. 2012).  Unfortunately for Claimant, because she did not appear at the initial hearing, she did not establish the relevant facts regarding her separation from employment with competent evidence.[7]  Consequently, the Board properly concluded that she is ineligible for benefits.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[7] By June 15, 2018 order, we granted the Board's application to strike the extra-record evidence that Claimant attached to her petition for review.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jakia M. Sweeney,                    :
                                     :
                    Petitioner       :
                                     :
          v.                         : No. 564 C.D. 2018
                                     : Submitted:  October 12, 2018
Unemployment Compensation            :
Board of Review,                     :
                                     :
                    Respondent :


# **O R D E R**


AND NOW, this 19<u>th</u> day of June, 2019, the order of the Unemployment Compensation Board of Review, dated February 2, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jakia M. Sweeney,                          :
                    Petitioner              :
                                            :
        v.                                  :   No. 564 C.D. 2018
                                            :   Submitted: October 12, 2018
Unemployment Compensation Board of :
Review,                                     :
                    Respondent              :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: June 19, 2019

        Respectfully, I dissent.  On the morning of her hearing, Jakia M.
Sweeney (Claimant), who is *pro se*, contacted the Referee's office to request a 15-
minute postponement of the hearing scheduled for 10:15 a.m.  The Referee
responded "no," for the stated reason that she had "a schedule to keep."  Certified
Record (C.R.), Item No. 9, at 1.  Because it was manifestly unreasonable to deny
Claimant's request for a very short continuance, the Referee abused her discretion.
I would reverse and remand for a hearing on the merits of Claimant's appeal.

        This Court has described an abuse of discretion as follows:

        Judicial discretion, broadly defined, is the option which a judge
        may exercise either to do or not to do that which is proposed to
        him.  As a guide to judicial action, it means a sound discretion
        exercised with due regard for what is right and equitable under
        the circumstances and under the law.  Abuse of discretion is not
        merely an error of judgment; however, if, in reaching a
        conclusion, the law is overridden or misapplied, or the judgment
        exercised is manifestly unreasonable or the result of partiality,

> prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Korn*, 467 A.2d 1203, 1205 (Pa. Cmwlth. 1983). *See also City of Philadelphia v. Albert's Restaurant, Inc.*, 176 A.3d 367 (Pa. Cmwlth. 2017) (finding a manifest abuse of discretion when trial court refused to grant a 24-hour continuance). The Board could have, and should have, corrected the Referee's arbitrary and capricious denial of a 15-minute continuance by remanding the matter for a hearing. Such an outcome is in line with prior decisions of this Court.

For example, in *James v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 535 C.D. 2011, filed December 1, 2011),[1] the claimant contacted the referee and informed him that she would be late. However, the claimant did not show up as promised and did not call again to request a further delay. This Court held that the referee did not abuse his discretion in going forward with the hearing. However, we remanded the matter to the Board to determine whether the claimant had proper cause for her absence. In *Torsky v. Unemployment Compensation Board of Review*, 474 A.2d 1207 (Pa. Cmwlth. 1984), the employer did not appear at the hearing at the appointed time and did not contact the referee. After waiting a reasonable time for the employer to arrive, the referee held the hearing. This Court held the referee acted appropriately. These cases establish that a referee can, and should, wait a reasonable time for a party to arrive, whether it is the claimant or the employer.

In *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. 1984), the Pennsylvania Supreme Court reversed this Court's dismissal of

---

[1] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value but not as binding precedent.

a petition for review for lack of evidence of the petition's timely filing by mail. The Supreme Court did so with the directive that this Court not give "overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation [Law][2] are involved. Dismissals are particularly disfavored." *Id*. at 366 (citations omitted). This directive applies, with equal force, to the Referee's conduct of a hearing.

Claimant's request for a 15-minute extension of time to appear was plainly reasonable. *See James*, slip op. at 5; *Torsky*, 474 A.2d 1207. The grant of Claimant's request would not have prejudiced Employer because it had already notified the Referee that it did not intend to appear at the hearing. The Referee abused her discretion by denying Claimant's modest request for a 15-minute continuance, which deprived Claimant of the hearing to which she was entitled by the Law and by due process.

For these reasons, I would reverse and remand.

_____
MARY HANNAH LEAVITT, President Judge

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751–918.10.

MHL-3