IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Taylor, : 
          Petitioner : 
           : 
    v. : No. 234 C.D. 2020
           : Submitted: September 4, 2020
Unemployment Compensation : 
Board of Review, : 
          Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: November 23, 2020

Daniel J. Taylor (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding that Claimant was ineligible for $547 in unemployment compensation benefits he had collected and, thus, liable for a non-fault overpayment of benefits pursuant to Section 804(b) of the Unemployment Compensation Law (Law).[1]  In so holding, the Board affirmed the Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b),[2] because he voluntarily terminated his employment without cause of a necessitous and compelling nature.  The Board also affirmed the Referee's determination that Claimant was not eligible for partial

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(b).

[2] Section 402(b) of the Law provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]"  43 P.S. §802(b).

benefits under Section 404(d) of the Law, 43 P.S. §804(d).[3] Discerning no error by the Board, we affirm.

In August of 2019, Claimant submitted an online application for unemployment compensation benefits after his loss of employment with Riverbend Foods, LLC. He began to collect benefits as of July 28, 2019. On October 1, 2019, Claimant began employment with Bookminders Pittsburgh, Inc. (Employer) as an accountant. Claimant resigned after his first day.

On October 6, 2019, Claimant reported to the Unemployment Compensation (UC) Service Center an estimated income of $50 for the claim week ending October 5, 2019, for deduction from his weekly unemployment benefit amount. On October 24, 2019, Claimant informed the UC Service Center that he actually received $210 in wages for his single day of employment. On October 28, 2019, Claimant further informed the UC Service Center that his employment with Employer had been full-time; intended to be permanent; and that he had voluntarily terminated his employment. The UC Service Center concluded that Claimant was ineligible for the $547 he received for the claim week ending October 5, 2019, because he was unemployed that week by his own choice.

The UC Service Center then issued three Notices of Determination. The first notice advised Claimant that he was ineligible for benefits under Section 402(b) of the Law because he lacked a necessitous and compelling reason for leaving his job with Employer. The second notice established a $547 fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a). The third notice advised Claimant

---

[3] Section 404(d)(1) of the Law provides, in part, that an eligible claimant will be paid "compensation in an amount equal to his weekly benefit rate less the total of … the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit…." 43 P.S. §804(d)(1).

that he was ineligible for reduced compensation benefits under Sections 4(u), 401, 401(c), and 404(d) of the Law.[4] Claimant appealed, and a hearing was held before a Referee.

Claimant, represented by counsel, testified that he worked for Employer as an accountant for one day, *i.e.*, October 1, 2019, and left at the end of that day. Notes of Testimony, 12/9/2019, at 3-4 (N.T. __); Certified Record at 63-64 (C.R. __). Claimant explained that this was the first of a four-day orientation period, after which he and Employer would discuss "whether or not [the position] was a good fit for either party." N.T. 10; C.R. 70.

Claimant explained that he suffers from a medical condition that has caused facial paralysis, and it makes speaking difficult and meeting with others in person an uncomfortable experience. Claimant discovered on his first day that the position with Employer would require weekly face-to-face meetings with clients. Further, Claimant struggled to keep up with the pace of the training. Thus, at the first day's conclusion, he informed Employer that he would not return. Claimant did not ask Employer if other positions were available.

The Referee held that Claimant was ineligible for unemployment compensation for the week ending October 5, 2019, because he lacked a necessitous and compelling reason for leaving his employment. The Referee also held that Claimant was at fault for the overpayment of his unemployment compensation because he did not report to the UC Service Center that he had quit his job. Finally, the Referee held that Claimant was not eligible for partial benefits under Sections

---

[4] Section 4(u) of the Law defines which individuals qualify as "unemployed." 43 P.S. §753(u). Section 401 of the Law provides for the payment of unemployment compensation to individuals who are unemployed. 43 P.S. §801. Section 401(c) of the Law provides, in part, that an individual must make "a valid application for benefits … in the proper manner" to qualify for unemployment compensation benefits. 43 P.S. §801(c).

3

4(u), 401, and 401(c) of the Law because he became unemployed the week ending October 5, 2019, without a necessitous and compelling reason. The Referee also found that Claimant intentionally underreported his earnings to be $50 for October 1, 2019; thus, Claimant was overpaid through his own fault.

The Board adopted the Referee's determination that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law for voluntarily quitting. The Board rejected the Referee's finding that Claimant purposely reported inaccurate employment information in his application for benefits. Thus, the Board concluded that the overpayment of benefits to Claimant was a non-fault overpayment governed by Section 804(b) of the Law, 43 P.S. §874(b). Claimant petitioned for this Court's review.[5]

On appeal, Claimant raises two issues for our review. He first argues that the Board erred in concluding that he voluntarily terminated his employment without a necessitous and compelling reason, thereby rendering him ineligible for unemployment compensation under Section 402(b) of the Law.[6] Claimant asserts that his activity with Employer did not constitute full-time employment and that he and Employer mutually agreed on Claimant's departure his first day. Thus, Claimant argues that he is entitled to benefits for the claim week ending October 5, 2019.[7]

---

[5] This Court's review determines whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 936 n.4 (Pa. Cmwlth. 2012).

[6] The Board held in Claimant's favor when it concluded that he was eligible for benefits under Sections 4(u), 401, and 401(c) of the Law, and Claimant does not challenge that conclusion on appeal. Nor does he argue that he would be eligible for partial benefits under Section 404(d) of the Law, despite his ineligibility under Section 402(b). Thus, with respect to his eligibility for benefits, Claimant's challenge is based solely on Section 402(b) of the Law.

[7] Separately, Claimant appears to argue that, even if he was ineligible for benefits under Section 402(b) of the Law for the claim week ending October 5, 2019, he should have become eligible for

4

Second, Claimant challenges the calculation of his overpayment, which, he asserts, should have been calculated as $41, not $547.

The Board responds that Claimant has not offered a necessitous and compelling reason for terminating his employment. Regarding Claimant's second issue, the Board asserts that because Claimant was found ineligible for benefits under Section 402(b) of the Law, he was ineligible to receive the entire $547 in benefits Claimant received for the week of October 5, 2019. That is the amount recoupable under Section 804(b) of the Law.

We first address Claimant's argument that his single day of training did not constitute "employment" under the Law. A claimant's training with a new employer, for which he is compensated, constitutes employment within the meaning of the Law. *See Kirk v. Unemployment Compensation Board of Review*, 442 A.2d 1234, 1236 (Pa. Cmwlth. 1982) (claimant's attendance at an employer's orientation session established an employment relationship); *Haqq v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1276 C.D. 2010, filed January 26, 2011), slip op. at 4-5 (training remuneration received from an employer constituted wages under the Act) (unreported).[8]

Here, Claimant's training concerned computer programming "that [he] would use to perform [his] job," N.T. 6-7; C.R. 66-67, and Claimant received compensation. Moreover, Claimant conceded in an email to the Board that he was "perhaps … technically in the employ of [Employer] for one day…." C.R. 95. He

---

benefits in subsequent weeks. An issue is waived when a claimant fails to raise it before the Referee. *Dehus v. Unemployment Compensation Board of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988). Because Claimant did not raise this issue before the Referee, it is waived.

[8] "[A]n unreported panel decision of this Court issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

believed that the four-day training period was to serve as a trial period of employment, after which he or Employer could choose "to continue or terminate *employment* based upon the results of the training." *Id.* (emphasis added). In short, Claimant's own evidence supports the Board's finding of fact that Claimant was "employed" by Employer for a single day.

Claimant maintains, however, that he and Employer "agreed that they were not mutually compatible." Claimant Brief at 11. Claimant appears to be asserting that his separation from Employer was not wholly voluntary.

Whether a claimant's separation from employment is a voluntary resignation or a discharge is a question of law subject to appellate review. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1045 (Pa. Cmwlth. 2002). The claimant bears the burden of proving that his separation from employment was a discharge rather than a voluntary termination. *Kassab Archbold & O'Brien v. Unemployment Compensation Board of Review*, 703 A.2d 719, 721 (Pa. Cmwlth. 1997). Likewise, a claimant bears the burden of proving a necessitous and compelling reason for leaving his job. *Spadaro v. Unemployment Compensation Board of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004).

When the Referee asked Claimant whether his separation from Employer was a discharge or whether he quit, Claimant testified: "I quit." N.T. 5; C.R. 65. Claimant decided not to return to Employer for work because the training was "progressing terribly," he "wasn't keeping up with the pace of the training" set by Employer, and he began to "question [his] ability" to do the job. N.T. 8-9; C.R. 68-69. Again, Claimant's own testimony establishes that he quit his employment based on his own assessment of his potential performance and not because Employer asked him to leave. Claimant offered no evidence that his departure was a mutual

6

decision between him and Employer. The Board did not err in concluding that Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature, rendering Claimant ineligible for benefits under Section 402(b) of the Law.[9]

We next address Claimant's challenge to the calculation of the overpayment. Claimant explains that his weekly unemployment benefit of $561 together with the $210 he earned during the claim week ending October 5, 2019, totals $771. He argues that, under Section 404(d) of the Law,[10] his weekly benefit should be reduced only by income that exceeds his partial benefit credit (which is 30% of his weekly benefit). Accordingly, he was allowed to receive up to $730 in combined benefits and income per week (or 130% of his weekly benefit rate). *See* Section 4(m.3) of the Law, 43 P.S. §753(m.3) (defining "partial benefit credit" as "remuneration … which is not in excess of [30%] of the individual's weekly benefit rate…."). Claimant argues that the $771 he received is only $41 more than the $730 in benefits and income to which he was entitled. Accordingly, Claimant insists that his overpayment should have been calculated to be $41. Claimant's calculation assumes that he was entitled to unemployment compensation benefits for the week ending October 5, 2019. However, as we have explained, Claimant is ineligible for benefits, partial or otherwise, for the week ending October 5, 2019. His resignation rendered him ineligible for the entire week.

Claimant received $547 in unemployment compensation benefits during the claim week ending October 5, 2019, just as he did in all claim weeks

---

[9] Claimant does not challenge the Board's assessment of a non-fault overpayment. *See* Claimant Brief at 12.

[10] Although Claimant cites Sections 401 and 4(u) of the Law in support of this position, it appears that his calculation is actually based on Section 404(d) of the Law.

during which he received benefits prior thereto.[11] Claimant does not dispute that he received that amount. Claimant was paid $547 in benefits to which he was not entitled because he voluntarily left his job with Employer without a necessitous and compelling reason. Accordingly, he received an overpayment of $547.[12]

Accordingly, we affirm the Board's adjudication.

MARY HANNAH LEAVITT, President Judge

---

[11] Claimant is correct that his weekly benefit rate is $561, not $547. However, Section 404(e)(4)(ii) of the Law, 43 P.S. §804(e)(4)(ii), provides, in relevant part: "[E]ach claimant shall have his weekly compensation … reduced … by the per centum redetermined under section 301.8 [of the Law, added by the Act of October 19, 1988, P.L. 818, 43 P.S. § 781.8 (relating to trigger rate redeterminations)], if and when applicable." Section 301.8 of the Law provides a process through which the Secretary of Labor and Industry shall determine, *inter alia*, benefit reductions in any given year. Apparently, Claimant's actual weekly benefit was reduced to $547 pursuant to that process. *See* Board Brief at 12 n.18.

[12] Because the $547 is a non-fault overpayment subject to Section 804(b)(1) of the Law, Claimant will not be required to repay that amount, but that amount may be "deducted from any future compensation payable to him[.]" 43 P.S. §874(b)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Taylor,               :
        Petitioner        :
                           :
      v.                :   No. 234 C.D. 2020
                           :
Unemployment Compensation Board  :
of Review,              :
        Respondent     :

# **O R D E R**

AND NOW, this 23rd day of November, 2020, the adjudication of the Unemployment Compensation Board of Review dated January 30, 2020, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge
